**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 CR 682 |
| | ) | Judge Elaine E. Bucklo |
| Ezequiel Sanchez-Jimenez | ) | |
| Defendant | ) | |

SENTENCING MEMORANDUM

Defendant Jimenez is a 39 year old illegal immigrant who originally came to America to seek a better life for himself. He was born and raised in small town in Mexico. His mother and father were farmers and he had 5 brothers and sisters. The father left the family when Sanchez was a small boy. He and his brothers and sisters were raised by their mother. The 6 children and mother lived in a one room house with no electricity or running water. According to the PSR, Sanchez left school after the fourth grade to help support his family. He can read and write Spanish, but understands very little English.

As a young boy and teenager he worked various jobs in Mexico, but could never earn enough. Thus he came to the United States to find a better paying job, Once here, he met his future wife, Beatrice Martinez. They have three children, all born in the United States and therefore U. S. citizens. His wife is on her way to becoming a permanent resident.

As noted in the PSR, Sanchez's youngest child, Stephanie, was diagnosed with acute lymphoblastic leukemia, a pediatric cancer in August 2012 at the age of 6. She is now 10. She is being treated at Lurie Children's Hospital of Chicago, part of the Northwestern Hospital

1

Group. Her treatment included chemotherapy through November 2014 and currently she requires ongoing follow-up treatment every 2 – 3 months. This obviously has been difficult for the family. Sanchez has always had a good relationship with his children, especially Stephanie. As the court can see from Sanchez's record he illegally entered the United States in December 2013, April 2014 and again in August 2014. These were prior to his present offense. The motivation for these offenses is obvious. Pope Francis has recently stated before a joint session of

Congress, on visits to the Middle East and more recently to Mexico that nations such as the United States should open their arms to those seeking a better life. Pope Francis' remarks do not change immigration law or policy; but his remarks can guide us in how we treat individuals such as Sanchez. When all is said and done regarding immigration policy in the United States, Mr. Sanchez-Jimenez's "crime," although a violation of law, was not a moral wrong.

      The cost of sending Sanchez-Jimenez to jail is, per the PSR, $30,621.00 a year. PSR, p. 20, para. 95. What is to be gained, certainly not deterrence, either general or specific? History tells us that jobs and family trump, pun intended, general deterrence. The United States has been arresting Mexicans for illegal entry for as longer as I can remember and it has seemingly not deterred others from coming north seeking a better life. As to specific deterrence, I think anyone can understand Sanchez-Jimenez's motivation to be with his daughter during her fight with leukemia, chemotherapy and ongoing treatment.

      The PSR notes that this Court may sentence Sanchez-Jimenez to probation. "Defendant is eliglble for … for probation because the offense is a Class C Felony." PSR, p. 26, para. 90. If given probation, the U S Probation Department will not supervise him because he will have

been deported to Mexico. However, it will monitor the situation so that if he does come back the Court can revoke his probation and sentence him to jail. This would seem to be a sentence that is sufficient given the circumstances.

The guideline calculation suggests a sentence between 15 and 21 months. As noted above this would cost the U S taxpayers between $38,280.00 and $53,592.00. Why? The guidelines address crimes generically, 3553(a) addresses fashioning a sentence to fit the individual and the facts of his case. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005), *Gall v. United States*, 128 S. Ct. 586 (2007) and the wealth of cases they have spawned. In *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009, the Supreme Court directed sentencing courts to impose a "sentence sufficient, but not greater than necessary," to comply with the factors specified in § 3553(a) (2). This caveat, "not greater than necessary," "requires (the) district courts to impose the minimum punishment needed to satisfy the purposes of sentencing - just punishment, deterrence, protection of the public, and rehabilitation of the defendant." *United States v Santoya*, 493 F. Supp. 2d 1075, 1077 (E.D. Wis. 2007) (emphasis added) (citing *United States v. Cull*, 446 F. Supp. 2d 961, 963 (E.D. Wis. 2006)).

Counsel urges the Court to sentence the defendant to time served, approximately three and a half months and probation.

Respectfully submitted,

 s/Michael B. Nash

Michael B. Nash
53 West Jackson Boulevard, Suite 618
Chicago, Illinois 60604
(312) 236 8788
Counsel for Sanchez-Jimenez

3

## **CERTIFICATE OF SERVICE**

  I hereby certify that foregoing motion was served on opposing counsel pursuant to the district court's system as to ECF filers.


          s/ Michael B. Nash
          Michael B. Nash
          53 West Jackson Boulevard, Suite 618
          Chicago, Illinois 60604
          (312) 236 8788